Minnie E. MacDonald *vs.* Laura Reynolds Mullen *et al.*

FEBRUARY 27, 1942.

Present: Flynn, C. J., Moss, Capotosto, Baker and Condon, JJ.

Condon, J. This is a bill in equity for partition. The cause was heard on July 17, 1939 in the superior court without evidence other than the bill, and thereupon a decree for partition was ordered to be entered. On the same day such decree was entered appointing a commissioner and directing him to sell the real estate ordered to be partitioned.

On January 25, 1940 the cause was heard on the report of the commissioner, who reported that he had sold said real estate and had in his hands the cash proceeds of the sale, but that the parties were in disagreement as to the proper division of such proceeds among them, after costs and expenses of the partition had been paid. He therefore recommended that a master be appointed to take testimony in the mattter in order to make a proper accounting between the parties. At the hearing, however, counsel for the parties agreed that the issue involved and the amount of the estate did not warrant the appointment of a master. Accordingly an interlocutory decree was entered on January 29, 1940, confirming the com-

missioner's report, allowing payment of certain counsel fees and ordering the commissioner to deposit the balance thereafter remaining in his hands in the registry of the superior court.

On March 28, 1940 the cause was further heard on the question of division of the funds in the registry of the court. At this hearing the question arose as to whether or not complainant was bound by the language contained in the decree of partition entered on July 17, 1939, wherein it was declared: "The Court finds as a fact that complainant herein owns an undivided one half interest and the heirs of Isabelle LeMoine Taylor Potter collectively own also an undivided one half interest in and to the following described real estate: That certain parcel of land with all the buildings and improvements thereon situated in the Town of East Greenwich," *etc.*, or whether she was free to introduce evidence to prove that she had placed all the improvements on the land at her sole expense and was therefore entitled to the resulting enhancement of value, if any, notwithstanding she had made no allegation of such fact in her bill. After considerable argument the trial justice refused to hear evidence on this issue. Complainant then asked leave to amend her bill to include such an allegation so that she might be able to introduce evidence in support of it. The trial justice denied this motion on the ground that it came too late after a decree of partition had been entered solely on complainant's bill and in accordance with her own allegations therein.

Thereafter a final decree was entered to the effect that complainant was entitled to be paid one half of the balance in the hands of the clerk of the court after payment of costs and recording fees, and that respondents were entitled to be paid the other half. From this decree the complainant has appealed to this court.

The appeal raises two questions: First, was this complainant entitled, under her bill and the decree entered thereon, to introduce such evidence at the hearing on the allowance of the commissioner's report? Second, if she was not thus

entitled, was she, in order to let in such evidence, entitled to amend her bill after the decree of partition had been entered and acted upon?

The complainant contended before us that, under the decree of July 17, 1939, she was entitled to show that she had placed improvements on the land and was entitled to any resulting enhancement of value of the land, because proof of such a fact was pertinent in the accounting between the parties, which it was the duty of the commissioner to make. In support of her contention she relied upon the following portion of that decree: "He (the commissioner) is further authorized and empowered to make an accounting by and between complainant and those heirs of the said Isabelle Le-Moine Taylor Potter who shall become parties hereto and claim any interest in the proceeds of the sale of the said real estate".

The complainant argued that it was not necessary for her to allege in her bill a specific claim relating to such improvements, and she cited *Moore* v. *Thorp,* 16 R. I. 655, in support of her contention. In her brief it is stated that the complainants' bill in that case alleged no claim relating to improvements and the decree of partition did not refer to such a claim, yet this court allowed the claim for the value of the improvements to be made on the accounting.

We have examined the papers in that case. The eighth paragraph of complainants' bill contains a reference to a claim of a respondent to buildings on the land as lessee, tenant or otherwise. This respondent filed an answer claiming to have made certain improvements on the premises and consenting to a sale under partition. Other respondents acknowledged in their answers that such claim was made but left such respondent to his proof. At the April term 1889 the supreme court entered an interlocutory decree granting partition, ascertaining the rights of all parties except respondent claiming under the lease, ordered sale of the premises and appointed a commissioner to make a sale and conduct partition. The decree concluded as follows: "And as

to all other matters arising in this cause, the same are hereby reserved for the further order and decree of the Court, with leave to any party to apply for such order or decree at any time." Subsequently, upon the application of respondent, who was claiming the value of improvements under the lease, a master was appointed to hear this claim and determine it and the value, if any, of the improvements. After a hearing, the master filed his report fixing such value; and his report, not being objected to, was confirmed.

In the face of such a record it can hardly be said that the issue with reference to improvements was not called, at the outset, to the attention of the court. Furthermore, it ought to be said here that complainant in the instant case in drafting her bill has, in several places, not only failed to indicate that she was raising any issue pertaining to the improvements, but has used language to the effect that all the improvements now on the land were on it when she acquired title to such land.

The respondents in the instant cause contended that, since the bill, and the decree ordering partition and appointing the commissioner, did not mention any improvements made by complainant, it was too late to raise that issue at the hearing on allowance of the commissioner's report. They urged that at such hearing the accounting was restricted to "the usual accounting for rents, issues and profits", and that the power and authority conferred upon the commissioner in the decree of July 17, 1939 "to make an accounting by and between complainant and those heirs", meant only such an accounting.

We are of the opinion that, as to the matter now in issue, the decree of July 17, 1939 is limited in its effect to the allegations of complainant's bill. To allow evidence of complainant's rights with reference to improvements to be introduced under the bill and decree, as they stood at the hearing on the allowance of the commissioner's report, would amount, in effect, to a reopening of the decree and to a consideration of an issue that did not appear in the allegations of the bill. The

trial justice, therefore, did not err in refusing to hear such evidence.

We are also of the opinion that complainant's motion to amend her bill was properly denied. Even if we assume that the superior court had the power, notwithstanding G. L. 1938, chap. 535, § 2, to allow such a substantial amendment after more than six months had elapsed from the entry of final decree on the bill, the action of the trial justice, under all the circumstances then appearing, can not be said to have been an abuse of discretion.

The complainant's appeal is denied and dismissed, the decree appealed from is affirmed, and the cause is remanded to the superior court for further proceedings.

*Fergus J. McOsker,* for complainant.

*Haslam, Arnold & Sumpter, Harry A. Tuell, E. A. Merrill,* of New Jersey bar, for respondents.